**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD PETTIES,

    Plaintiff,

v.

MIDDLESEX COUNTY PROSECUTOR'S OFFICE, et al.,

    Defendants.

Civil Action No. 18-5723 (MAS) (TJB)

**MEMORANDUM OPINION**

Plaintiff is proceeding, *in forma pauperis*, with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis* (*see* Order, Apr. 16, 2018, ECF No. 2), the Court must screen the Complaint to determine whether the case should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, and for the reasons stated below, the Complaint is dismissed with prejudice.

This is not the first lawsuit filed by Plaintiff. He previously filed a lawsuit, along with another co-plaintiff, in *Petties v. Middlesex County Prosecutor's Office*, No. 17-12965 (D.N.J. filed Dec. 11, 2017). That complaint asserted three claims:

> (1) the prosecutor in the criminal matter, Defendant Vanessa Craveiro, asked witnesses leading questions at the grand jury proceeding; (2) [Defendant Jose C.] Gomez lied at the grand jury proceeding by testifying that the victim had positively identified Plaintiffs as his assailants although the victim had not done so; and (3) [the plaintiffs] were falsely arrested without positive identification by the victim in a 'show-up[.]'

*Id.*, ECF No. 4, slip op. at 2 (entered Mar. 19, 2018). On screening, the Court dismissed that complaint with prejudice. *Id.*, ECF No. 5, Order (entered Mar. 19, 2018).

The instant Complaint asserts the exact same claims against the exact same defendants, based on the criminal prosecution arising out of an incident that occurred on July 15, 2017. *Compare Id.*, ECF No. 1, Compl. at 6 *with* (Compl. 6, ECF No. 1). "[F]ederal law appl[ies] res judicata or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 279 (3d Cir. 2016). The instant matter is a clear case of res judicata; the two suits have the exact same five defendants, and assert the exact same three claims. As such, all three elements of res judicata have been satisfied—the Court dismissed the previous action with prejudice, the same parties are present in both cases, and this suit, the subsequent suit, asserts the same claims arising out of the same incident as the dismissed action. Accordingly, the Complaint is dismissed with prejudice under § 1915(e)(2). *Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (holding that district courts may dismiss claims on a res judicata defense, pursuant to its sua sponte screening authority under § 1915).[1]

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 25th, 2018

---

[1] The Court notes that Plaintiff appears to have been convicted of the crime for which he was prosecuted. *See* Ronald D. Petties, New Jersey Department of Corrections Offender Search Database, https://www20.state.nj.us/DOC_Inmate/inmatefinder?i=I (last visited July 23, 2018).

2